UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CR 419-3 |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JOHN DI BLASI** | ) | |

## GOVERNMENT'S THIRD RESPONSE TO DEFENDANT'S MOTION FOR RETURN OF PROPERTY

The United States of America, by and through Bobby L. Christine, United States Attorney for the Southern District of Georgia, hereby provides its third response to Defendant John Di Blasi's Motion for Return of Property Pursuant to Federal Rule of Criminal Procedure 41(g).

1. Defendant John Di Blasi, proceeding *pro se*, previously filed a motion for return of property pursuant to Federal Rule of Criminal Procedure 41(g). (ECF No. 36, 37.)

2. The Government has filed two previous responses to Defendant's motion. In its first response (ECF No. 38), the Government explained that the Drug Enforcement Administration ("DEA") could return certain electronic devices in its possession to Defendant. The Government also explained that DEA cannot return other property listed in Defendant's motion because the property has been either returned to Defendant's wife, or the property has been lawfully destroyed pursuant to DEA's evidence policy and protocol.

3.     In its second response (ECF No. 39), the Government confirmed that DEA returned the seized electronic devices to Defendant and that all property requested by Defendant has either been returned to him or is no longer in the Government's possession.

4.     On October 16, 2020, the Court entered an order noting that Defendant's motion for return of property appeared to be moot because all property in the Government's possession had been returned to Defendant. The Court, however, afforded Defendant another opportunity to address the Government's assertions. Accordingly, Defendant was given twenty-one days to file a reply. ECF No. 42.

5.     In his reply (ECF No. 43), Defendant acknowledges that DEA returned all electronic devices to him. The devices are listed on Form DEA-12, dated July 22, 2020, and attached to Defendant's motion as Attachment No. 1. Given these items have been returned to Defendant, his motion for return of this property is moot.

6.     Defendant contends that other property was not returned to him, specifically the property listed on Forms DEA-12, both dated December 24, 2018, attached to his motion at Attachment No. 2 and No. 3.

7.     As the Government previously explained, this property was seized from Defendant upon his arrest at Miami International Airport on December 23, 2018. On January 18, 2019, DEA returned these items to Defendant's wife, Melissa Rutland-Di Blasi at the Chatham County Narcotics Team office at 71 Ross Road,

Savannah, Georgia 31405. The DEA simply no longer has possession of any of these items seized from Defendant at the Miami airport.

8. In his reply, Defendant does not provide any material evidence showing that the Government has actual possession of any item of personal property that could be returned under Rule 41(g). To the contrary, Defendant acknowledges that his wife, Melissa Rutland-Di Blasi, took possession of his property while he was incarcerated, and accuses her of stealing this property and taking actions that lead to the foreclosure of his home. But the issue of whether Defendant's wife disposed of certain personal property after DEA relinquished custody of it, or took certain actions regarding the foreclosure of a house, is irrelevant here. The relevant question under Rule 41(g) is whether the government has possession of property that can be returned to the defendant through entry of a judicial order. The Government no longer possesses any of Defendant's property, so Defendant's Rule 41(g) motion should be denied.

9. The Government is aware that, to the extent there are disputed issues of material fact necessary to decide a Rule 41(g) motion, then the court is required to receive evidence to resolve those issues. *See, e.g., United States v. Melquiades*, 394 F. App'x 578, 580 (11th Cir. 2010). Here, there are no issues of material fact as noted, and Defendant has not substantiated his claim with material evidence after the Court afforded him an opportunity to do so.

10. Given there are no material disputes of fact necessary to decide the motion, the Government has no burden to produce further evidence in this matter.

Nonetheless, in an effort to be thorough, accurate, and complete, and to assist the Court with resolving this motion, the Government hereby submits two DEA-6 Reports of Investigation ("ROI") regarding Defendant's property.

11.  In Exhibit 1, an ROI dated January 21, 2019, DEA Task Force Officer Otilio Rivera documents chain of custody and explains that Defendant's personal belongings seized from him at the Miami airport were relinquished to Defendant's wife, Melissa Rutland-Di Blasi, at the Chatham County Narcotics Team office on January 18, 2019.  *See* Ex. 1, ¶6.  TFO Rivera had Melissa Rutland-Di Blasi sign the Form DEA-12 showing the items were relinquished to her, and a copy of the DEA-12 was provided to her.  *Id.*  DEA has searched its files for its own copy of the signed DEA-12, but has not been able to locate it.

12.  In Exhibit 2, an ROI dated November 23, 2020, DEA agents memorialize a recent follow-up telephone conversation that they had with Melissa Rutland-Di Blasi as well as their review of Defendant's jail calls.  In this conversation, Mrs. Rutland-Di Blasi confirmed that she did in fact receive Defendant's property from TFO Rivera, as documented in the ROI. Ex. 2, ¶ 3.  Rutland-Di Blasi also told agents that she transported the items to her and Defendant's residence located at 1710 Liberty Park Dr., Braselton, GA, and that these items were inside the residence when the house was foreclosed.  *Id.* ¶ 5.  She advised that she no longer has possession of Defendant's property.  *Id.*

13.  Exhibit 2 also memorializes DEA's recent review of Defendant's jail telephone calls.  DEA agents reviewed jail telephone conversations between

4

Defendant and Mrs. Rutland-Di Blasi that took place on January 18, 2019, the day Mrs. Rutland-Di Blasi obtained Defendant's property.  During the conversation, Mrs. Rutland-Di Blasi informs Defendant that she obtained his personal items that had been previously seized from him at the Miami airport.  *Id.* ¶ 8.  Defendant expresses appreciation that his wife had obtained his personal items and that DEA had relinquished custody of the items in such an expeditious manner.  *Id.*

14. In conclusion, Defendant's motion for return of property should be denied.  The subject property has either been returned to Defendant or is no longer in the possession of the Government.  Judicial relief is no longer necessary or available regarding the return of property pursuant to Federal Rule of Criminal Procedure 41(g).[1]

                          Respectfully submitted,

                          BOBBY L. CHRISTINE
                          UNITED STATES ATTORNEY

                          ***/s/ Matthew A. Josephson***
                          Assistant United States Attorney
                          Georgia Bar No. 367216

---

[1] Defendant's reply memorandum includes a bevy of baseless and irrelevant accusations levied against various individuals and entities, even including this Court.  The Government need not dignify such wholly untrue and wildly irrelevant statements with much response, other than to say they are false and unsubstantiated statements that should not be made anywhere, and certainly not to a federal court.

## **CERTIFICATE OF SERVICE**

The undersigned Assistant United States Attorney certifies that a copy of this Motion has been filed on ECF and delivered to the defendant at his requested address of 4325 Woodside Road, Lawtons, NY 14091-9616. The undersigned also has emailed a copy of this filing to the attorney of record for Defendant's criminal case.

Respectfully submitted,

BOBBY L. CHRISTINE
UNITED STATES ATTORNEY

***/s/ Matthew A. Josephson***
Matthew A. Josephson
Assistant United States Attorney
Georgia Bar No. 367216
Post Office Box 8970
Savannah, Georgia 31412
(912) 652-4422
